# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:17-CR-00329-05** |
| **VERSUS** | **JUDGE ZAINEY** |
| **DONNIE JERMAINE LEWIS (05)** | **MAGISTRATE JUDGE KAY** |

## RULING AND REASONS

Before the Court is a letter by Defendant Donnie Jermaine Lewis, wherein he seeks to be released from the custody of the Bureau of Prisons and/or to home confinement. Lewis relies on 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. On September 24, 2018, Lewis pled guilty to Count 1 (conspiracy to distribute and possess with intent to distribute cocaine) of a Grand Jury Indictment.[1] He was sentenced on January 16, 2019, to a 188 term of imprisonment followed by 5 years of supervised release.

Lewis complains that he has a history of epilepsy. Lewis provides no medical records to validate his medical condition.  He informs the Court that if released, he will live with his mother in Houston, Texas and that he has prospective employment as a truck driver.

*Release to home confinement*

The Court notes that in his letter/motion, Lewis appears to request to be released to home confinement.  To the extent that Lewis is requesting home confinement under the CARES Act (18 U.S.C. § 3624(c)(2), as his petition suggests, the Court is without authority

---

[1] Rec. 158.

to grant relief. The Director of the BOP may authorize home confinement for the shorter of ten percent of an inmate's term of imprisonment or six months. 18 U.S.C. § 3624(c). Under the CARES Act of 2020, Congress has also lengthened the maximum amount of time an inmate may be placed on home confinement. Pub. L. 116-136, § 12003(b)(2). Decisions regarding inmate designations, however, are exclusively reserved to the BOP and are not subject to judicial review. *See* 18 U.S.C. § 3621(b). Accordingly, as the Government notes and several courts have recently recognized, the district court has no authority to order home confinement under the CARES Act. *E.g.*, *United States v. Read-Forbes*, 2020 WL 1888856 (D. Kan. Apr. 16, 2020); *United States v. Engleson*, 2020 WL 1821797 (S.D.N.Y. Apr. 10, 2020); *United States v. Hembry*, 2020 WL 1821930 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, 2020 WL 180288 (S.D. Ind. Apr. 9, 2020).

*Compassionate release*

Lewis also seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on concerns arising from the COVID-19 pandemic.

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a

failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

In his motion, Lewis requests to be released pursuant 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons. Lewis is incarcerated in FCI—Oakdale. First he notes that he has served 26 months of his sentence and that he "attempted the administrative remedy process to no avail" and 45 days has passed to which he has received no reply.[2] Lewis provides no documentation to support his contention that he has exhausted his administrative remedies.

The Government provides information based on BOP records which indicate that on April 14, 2020, Lewis administratively requested consideration for home confinement, not compassionate release.  On May 19, 2020, Warden Myers at FCC Oakdale, denied Lewis' request because he failed to meet the criteria for home confinement.

The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional. *U.S. v. Garcia*, 606 F.3d 209, 212 at n.5. (5th Cir. 2010).  See also *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing Raia's failure to

---

[2] Rec. 256.

exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United States v. Johnson*, 2020 WL 1663360, at *3-6 (D. Md. Apr. 3, 2020) (concluding in a lengthy discussion that § 3582(c)(1)(A)'s exhaustion requirement  is jurisdictional and not subject to any exceptions);  *United States v. Eberhart,* 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (holding in a case involving  compassionate release motion based on COVID concerns that, "[b]ecause defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)." The exhaustion requirement is mandatory and cannot be excused. *Ross v. Blake,* 136 S.Ct. 1850 (2016). Congress requires inmates to go through the administrative process in order for the BOP to conduct an extensive assessment for such request, considering it is in the best position to do so. See 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence; Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g).[3] The BOP is uniquely situated and qualified to assess those factors during the statutorily required 30-day review period.

 The Court finds that Lewis's April 10, 2020, administrative request to Warden Myers for home confinement pursuant to the CARES Act does not suffice.  The criteria for home confinement, as opposed to compassionate release, are different.  Consequently, this Court lacks jurisdiction regarding Lewis' request for compassionate release.

 Accordingly,

---

[3] Available at https://www.bop.gov/policy/progstat/5050 _50_EN.pdf.

**IT IS ORDERED** that the Motion for Compassionate Release and/or home confinement is hereby **DENIED.**

**THUS DONE AND SIGNED** in New Orleans, Louisiana on this ___16th___ day of June, 2020.

_____

JAY C. ZAINEY

UNITED STATES DISTRICT JUDGE